**Tom WRIGHT, d/b/a Easter & Associates, Plaintiff,**

**v.**

**James F. BUTTS, et al., Defendants.**

**Civil Action No. 94–D–1602–N.**

United States District Court,
M.D. Alabama,
Northern Division.

July 24, 1996.

Tom Wright, Montgomery, AL, pro se.

Jack Franklin Northn, Jerry L. Weidler, Alabama Dept. of Transportation, Montgomery, AL, Janie B. Clarke, Edward M. George, Harry A. Lyles, Jeffery Foshee, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is defendants Joe D. Wilkerson and Frederico Pena's motion to dismiss or, in the alternative, motion for summary judgment.[1] Said motion was filed on February 28, 1995. After careful consideration of the evidence, the court finds that the defendants' motion is due to be granted.

### JURISDICTION AND VENUE

Based upon 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), the court properly exercises subject matter jurisdiction over this action. The parties do not contest personal jurisdiction or venue.

### STANDARD OF REVIEW

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2549, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

---

1. When the movant submits a 12(b)(6) motion to dismiss, as here, and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Fed.R.Civ.P. 12(b). Because the court has considered matters outside the pleadings, it will treat the defendants' motion as one for summary judgment.

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.; see also Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

## FINDINGS OF FACT

█ Plaintiff Tom Wright ("plaintiff"), who is proceeding *pro se,* commenced this action on December 14, 1994.[2] The plaintiff, a black male, alleges that based upon his race, the State of Alabama Department of Transportation and various state and federal officials deprived him of an equal opportunity in contracting with the State of Alabama Department of Transportation, in violation of (1) the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983; (2) 42 U.S.C. § 1981; (3) Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d *et seq.;* (4) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.;* and (5) 42 U.S.C. § 1985(3). The plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief.

The plaintiff has sued the State of Alabama Department of Transportation and various state officers. Additionally, the plaintiff has named as defendants two federal offi-

cials: (1) Joe D. Wilkerson ("Mr. Wilkerson"), individually and in his official capacity as the Division Administrator for the Alabama Division of the Federal Highway Administration, United States Department of Transportation; and (2) Frederico F. Pena ("Mr. Pena"), individually and in his official capacity as the Secretary of the United States Department of Transportation (collectively "federal defendants").

█ The facts that form the basis of the plaintiff's racial discrimination claims are as follows: The plaintiff asserts that, on behalf of Easter & Associates, he submitted a proposal to the Consultant Selection Committee of the State of Alabama Department of Transportation to perform survey work.[3] *See* Pl.'s Compl. at ¶ 18.[4] On April 5, 1993, after assessing the qualifications and availability of Easter & Associates, the State of Alabama Department of Transportation selected Easter & Associates to perform survey work in the Sixth Division. *Id.* This was Easter & Associates first contract with the State of Alabama Department of Transportation. Easter & Associates was approved for non-federal participation work only.

Subsequently, the State of Alabama Department of Transportation performed an audit of Easter & Associates to establish the rates to be paid under the contract. *Id.* at ¶ 19; *see also* "Amendment" to Mot. for Sum. J., filed Feb. 14, 1995, Ex. A attached thereto (Pl.'s EEOC charge). According to the plaintiff, Mr. Keen[5] informed the plaintiff and one of the plaintiff's employees that his audited review indicated that the plaintiff's

---

2. While the allegations in the complaint are somewhat muddled, the court recognizes that *pro se* complaints are subject "... 'to less stringent standards than formal pleadings drafted by lawyers....'" *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). Accordingly, the court generously has construed the allegations contained in the complaint. *See* Fed. R.Civ.P. 8(f) (providing that "[a]ll pleadings shall be so construed as to do substantial justice"); *see generally Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

3. The plaintiff owns Easter & Associates, which is an engineering and consulting firm. Easter & Associates is a minority-owned company employ-

ing predominantly black employees. Pl.'s Compl. at ¶ 19.

4. Attached to the complaint is the plaintiff's affidavit, certified by a notary public, wherein the plaintiff states that the allegations in the complaint are "true and correct." Thus, in ruling on the defendants' motion for summary judgment, the court has considered the complaint as evidence in opposition to summary judgment. *See* Fed.R.Civ.P. 56.

5. Mr. Keen is an auditor for the State of Alabama Department of Transportation and also is named as a defendant in this action.

hourly rate should be $110 per hour. Pl.'s Compl. at ¶ 19. However, when the plaintiff received the contract, the hourly rate stated therein was $47.93. *Id.*

The plaintiff asserts that the audit procedure of Easter & Associates is the product of race discrimination, because the hourly rate of $47.93 is the lowest rate ever offered to any engineering or consulting firm by the State of Alabama Department of Transportation. The plaintiff further asserts that the reasons for the low rate are because he is black and because Easter & Associates is a minority-owned company consisting primarily of minority employees.

Regarding Mr. Wilkerson, the plaintiff states that he "believe[s]" Mr. Wilkerson was present at a pre-proposal meeting between the plaintiff's firm and various officials with the State of Alabama Department of Transportation. *Id.* at ¶ 11. Mr. Wilkerson states in his affidavit as follows:

> My role in the selection of consultants is limited to projects which receive federal funding. My role is regulated by 23 C.F.R. § 172, Administration of Engineering and Design Related Service Contracts. My role does not include selection of contractors. I do not review the selection procedure for each consultant chosen by the Alabama [Department of Transportation].

Declaration of Mr. Wilkerson at ¶ 8. Mr. Wilkerson further states that he "was not present at the April 15, 1993 meeting as alleged in plaintiff's complaint" and that he "had no knowledge of the meeting prior to reviewing" the complaint in this case. *Id.* at ¶ 9. While Mr. Pena is named as a defendant in the style of the complaint, he is mentioned in the body of the complaint only to state that he should be joined as a plaintiff. Pl.'s Compl. at ¶ 12.

**6.** Mr. Wilkerson and Mr. Pena assert that, if the court determines that the plaintiff's claims are asserted against them in their individual capacities, all such claims should be dismissed because neither Mr. Wilkerson nor Mr. Pena have been served in their individual capacities in accordance with Rule 4 of the *Federal Rules of Civil Procedure.* Because the court has determined that these defendants are entitled to summary

## DISCUSSION [6]

### I. *42 U.S.C. § 1983*

The plaintiff asserts that the federal defendants violated his rights under the Fourteenth Amendment, as enforced by 42 U.S.C. § 1983. Section 1983 creates a mechanism for recovering monetary damages and injunctive relief from governmental actors and entities whose actions under color of state or local law deprive a plaintiff of rights, privileges or immunities secured by the United States Constitution or federal statutes. Thus, § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citations omitted). While not clearly pleaded in the complaint, the plaintiff's § 1983 claim appears to be premised upon a violation of the Equal Protection Clause of the Fourteenth Amendment. *See Johnson v. City of Tarpon Springs,* 758 F.Supp. 1473, 1480 (M.D.Fla.1991) ("[E]qual rights protection, pursuant to 42 U.S.C. § 1983, is violated when similarly situated persons are treated differently and ... different treatment is not rationally related to a legitimate state interest.") (citation omitted); *see also Bass v. City of Albany,* 968 F.2d 1067, 1070 (11th Cir. 1992).

Section 1983 applies only to individuals acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. It does not apply to individuals acting under federal law. *Norton v. McShane,* 332 F.2d 855, 862 (5th Cir.1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).[7] There are no allegations in the complaint that either federal defendant was acting under color of state law. The plaintiff has not asserted that Mr. Pena was involved in any manner in either

judgment on other grounds, the court need not reach this issue.

**7.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

the selection of the plaintiff's firm as a consultant or in the audit process. Additionally, in Mr. Wilkerson's position as Division Administrator for the Alabama Division of the Federal Highway Administration, his role in the selection of consultants is limited to projects which receive federal funding. *See* 23 C.F.R. § 172.1(b). The unrebutted evidence reveals that the plaintiff's contract was funded solely by state funds. As such, the court finds that neither Mr. Pena nor Mr. Wilkerson had any involvement in selecting the plaintiff as a contractor, in conducting the audit, or in setting the hourly rate. Accordingly, the court finds that summary judgment is due to be granted on the § 1983 claim asserted against Mr. Pena and Mr. Wilkerson, because they were not acting under the color of state or local law.

While the § 1983 claim is not viable against the federal defendants, the court will construe the complaint as also alleging a claim against these defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[8] *Bivens* implies a cause of action against federal employees, in their individual capacities, who are alleged to have violated a person's constitutional or federal statutory rights. *Id.* at 397, 91 S.Ct. at 2005.

As the court previously found, neither Mr. Wilkerson nor Mr. Pena had any involvement in the process of awarding the contract or in determining the amount of compensation to be paid under said contract. The complaint contains no allegation that Mr. Pena was directly involved in any of the events set forth in the complaint. In fact, the only reference to Mr. Pena in the body of the complaint is the plaintiff's suggestion that Mr. Pena should be realigned as a plain-

tiff.[9] It is, therefore, clear that summary judgment is due to be granted in favor of Mr. Pena on a *Bivens* claim, as Mr. Pena is not alleged to have violated the plaintiff's constitutional or federal statutory rights.

Additionally, the only allegation involving Mr. Wilkerson is the plaintiff's assertion that he "believe[s] [Mr. Wilkerson] was a party in the April 15, 1993 pre-proposal meeting...." Pl.'s Compl. at ¶ 11. The declaration of Mr. Wilkerson states that he was not present at this meeting. However, even if Mr. Wilkerson had been present at the pre-proposal meeting, the complaint contains no allegation that the pre-proposal meeting between Easter & Associates and certain state officials had any bearing on the alleged discriminatory actions later taken against the plaintiff. The complaint likewise contains no allegation that Mr. Wilkerson was personally involved or that Mr. Wilkerson deprived the plaintiff of a constitutional or federal statutory right. Accordingly, the court finds that a *Bivens* cause of action cannot lie against Mr. Wilkerson.

In sum, the court finds that summary judgment is due to be granted in favor of Mr. Wilkerson and Mr. Pena on all claims stated in the complaint based on 42 U.S.C. § 1983 and *Bivens* because: (1) the complaint fails to allege any set of facts which would give rise to a finding of personal involvement by either federal defendant; and (2) the complaint fails to allege that the actions of either federal defendant violated the plaintiff's rights under federal statute or the United States Constitution.

## II. 42 U.S.C. § 1981

To establish a claim under 42 U.S.C. § 1981, the plaintiff must show intentional discrimination on the part of the feder-

---

**8.** When a plaintiff brings an action against federal officials under 42 U.S.C. § 1983, he or she usually is attempting to state a claim for a violation of the United States Constitution. Alleged violations of the United States Constitution by federal defendants must be filed pursuant to *Bivens, supra.*

**9.** The court disagrees. Rule 19 of the *Federal Rules of Civil Procedure* allows joinder in two instances: (1) if a plaintiff cannot be accorded complete relief if the party in question is not so

joined; and (2) if the person sought to be joined as a plaintiff claims an interest relating to the subject of the action and the person's absence will impede his or her ability to protect that interest or those persons already parties will be left at risk of incurring inconsistent obligations with respect to such interest. Neither situation is applicable here. Hence, the court finds that there is no ground for realigning Mr. Pena as a plaintiff in this action.

al defendants. *General Bldg. Contractors Assoc. v. Penn,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). Because there are no allegations that either Mr. Pena or Mr. Wilkerson were involved in any of the events that form the basis of the complaint, the plaintiff has failed to establish a genuine issue of material fact on the issue of intentional discrimination. Accordingly, the court finds that summary judgment is due to be granted in favor of Mr. Pena and Mr. Wilkerson on all claims asserted against them under 42 U.S.C. § 1981.

### III. Title VI

The plaintiff also alleges a. claim under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d–2000d–4. Title VI is aimed at eliminating discrimination against racial and ethnic minorities in programs that receive federal funds and provides, in part, as follows: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

■ Title VI also states: "Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a **primary objective** of the Federal financial assistance is to provide employment." *Id.* at § 2000d–3 (emphasis added). The "primary objective" restriction also applies to private causes of action. *See Jones v. Metropolitan Atlanta Rapid Transit Auth.,* 681 F.2d 1376 (11th Cir.1982). The federal defendants assert, in part, that the "primary objective" of any federal funds received by the State of Alabama Department of Transportation is to finance the building of roads in Alabama, not to provide employment. Therefore, the federal defendants assert that the plaintiff is not entitled to bring a cause of action under Title VI. The court, however, need not resolve this issue. That is because regardless of whether the plaintiff's Title VI claim is viable, summary judgment still is due to be granted on the following grounds.

■ First, the court finds that Title VI actions may not be brought against individuals. While the Court of Appeals for the Eleventh Circuit has not addressed this issue, other courts have found that, when an individual seeks relief under Title VI for purported discrimination by a federal fund recipient, the proper defendant is the recipient, not an individual employee or agent. *See Clemes v. Del Norte County Unified School Dist.,* 1994 WL 317546, at *4–*5 (N.D.Cal.1994); *Young v. Pierce,* 544 F.Supp. 1010, 1015 (E.D.Tex.1982).

■ Second, the plaintiff makes no allegations that either of the federal defendants participated in the alleged discriminatory acts; thus, he has failed to show a discriminatory intent on the part of these defendants. *See Guardians Ass'n v. Civil Serv. Comm'n of the City of New York,* 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983) (holding that to prevail on a Title VI claim, a plaintiff must prove that a defendant acted with discriminatory intent). Also, by suggesting that Mr. Pena be joined as a plaintiff in the action, the plaintiff certainly is not alleging any discrimination on the part of Mr. Pena or the Federal Highway Administration. Because the plaintiff has presented no proof of discrimination by either federal defendant, the Title VI claim against them must fail.

■ Third, the unrebutted evidence reveals that the plaintiff's contract was for only non-federal participation work. Because the incident which forms the basis of this complaint did not involve a contract for a federally-funded or assisted project, it appears that Title VI's provisions do not apply in this case. *See* 42 U.S.C. § 2000d. Accordingly, the court finds for the foregoing reasons that the federal defendants' motion for summary judgment is due to be granted regarding the plaintiffs' Title VI cause of action.

### IV. Title VII

■ In the complaint, the plaintiff also alleges violations of Title VII. The plaintiff claims throughout the complaint that the State of Alabama Department of Trans-

 state director, and state employees unlawfully discriminated against him. The complaint contains no allegations that either federal defendant violated Title VII. Title VII provides:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

42 U.S.C. § 2000e. There is no allegation of an employer/employee or prospective employer/employee relationship between the plaintiff and either federal defendant as is required for an action under Title VII. See Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1359 (11th Cir.1994). The plaintiff also is not employed by the United States Department of Transportation nor has he sought employment therewith. Hence, neither federal defendant was in a position to have violated Title VII with respect to the plaintiff, and the complaint alleges no actions on the part of either federal defendant that would constitute a violation of Title VII. Accordingly, the court .finds that summary judgment is due to be granted in favor of Mr. Pena and Mr. Wilkerson on the Title VII claim asserted against them.[10]

### V. 42 U.S.C. § 1985(3)

 The plaintiff also alleges that he "encountered a conspiracy by Alabama Highway Department employees" at some time prior to 1988. Pl.'s Compl. at ¶ 38. To state a claim for a conspiracy in violation of 42 U.S.C. § 1985(3), the complaint must assert (1) that one or more individuals conspired to deprive another of the protection of the laws or of equal privileges and immunities of the law and (2) that one or more of the alleged conspirators committed an act in furtherance of the object of the conspiracy, whereby another suffered injury or was deprived of exercising any right or privilege of a United States citizen. See Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

 The complaint contains no allegation that either federal defendant was involved in any manner in the alleged conspiracy. Rather, the conspiracy allegations refer only to agents of the State of Alabama Department of Transportation. Hence, it appears that the conspiracy count is not asserted against the federal defendants. However, even if the court construes the complaint as alleging a conspiracy count against the federal defendants, the claim still must fail. Because the court has found that summary judgment is due to be granted in favor of the federal defendants on the underlying alleged constitutional violations and federal statutory claims, there is no grounds upon which to hold the federal defendants liable for a conspiracy. Accordingly, the court finds that summary judgment is due be granted in favor of Mr. Pena and Mr. Wilkerson on the claim asserted against them for violations of 42 U.S.C. § 1985(3).

### CONCLUSION

For the foregoing reasons, it is CONSIDERED and ORDERED that defendants Joe D. Wilkerson and Frederico Pena's motion for summary judgment be and the same is hereby GRANTED and that said defendants be and the same are hereby DISMISSED as parties to this action.

---

**10.** The court notes that if the plaintiff's Title VII were viable, then all other portions of the complaint would have to be dismissed because Title VII is the exclusive remedy for federal employment discrimination. Newbold v. United States Postal Service, 614 F.2d 46, 47 (5th Cir.), cert. denied, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980); see also Brown v. General Serv. Admin., 425 U.S. 820, 828–29, 96 S.Ct. 1961, 1965–66, 48 L.Ed.2d 402 (1976) (Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination.").